UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY TALLYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| SUN DEVELOPMENT & | ) | |
| MANAGEMENT CORPORATION, | ) | |
| an Indiana corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, NANCY TALLYN, by and through her attorneys, WOODRUFF JOHNSON & PALERMO, and complaining of the Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, states as follows:

1.      That Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, is a hotel operator that has its corporate headquarters in Indianapolis, Indiana.

2.      That Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, is incorporated in Indiana.

3.      That this cause of action arises out of a slip and fall that occurred at a Staybridge Suites located in Aurora, Illinois.

4.      That the Plaintiff, NANCY TALLYN, was a resident of Palos Park, Illinois on August 3, 2013 and has remained a resident of Palos Park, Illinois ever since.

1

5.     That pursuant to 28 USC §1332, Federal jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     That on August 3, 2013, and at all relevant times herein, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, owned the hotel d/b/a Staybridge Suites located at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois.

7.     That on August 3, 2013, and at all relevant times herein, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, maintained the hotel d/b/a Staybridge Suites located at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois.

8.     That on August 3, 2013, and at all relevant times herein, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, operated the hotel d/b/a Staybridge Suites located at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois.

9.     That on August 3, 2013, and at all relevant times herein, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, maintained the pool located on the premises at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois.

10.     That on August 3, 2013, and at all relevant times herein, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, operated the pool located on the premises at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois.

11.    That on August 3, 2013, the Plaintiff, NANCY TALLYN, was lawfully at the premises located at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois, d/b/a Staybridge Suites.

12.    That on August 3, 2013, the Plaintiff, NANCY TALLYN, was a guest at the hotel located at 4320 Meridian Parkway, City of Aurora, County of DuPage and State of Illinois, d/b/a Staybridge Suites.

13.    That on August 3, 2013, the Plaintiff, NANCY TALLYN, was utilizing the indoor pool located on the premises of the hotel.

14.    That on August 3, 2013, and at all relevant times herein, the coefficient of friction of the flooring at the pool was not sufficient and the pool surface was unreasonably slippery for use by guests, including Plaintiff, NANCY TALLYN.

15.    That on August 3, 2013, the surface of the flooring around the pool area was unreasonably slippery for use by guests, including Plaintiff, NANCY TALLYN.

16.    That on August 3, 2013, the Plaintiff, NANCY TALLYN, was walking on the flooring in the pool area near the hot tub.

17.    That at that time and place, the Plaintiff, NANCY TALLYN, slipped and fell.

18.    That the unreasonably slippery flooring in the pool area was a cause of Plaintiff, NANCY TALLYN's, fall.

19.    That prior to August 3, 2013, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, by and through its duly authorized agents, servants and/or employees, had actual notice that the flooring in the pool area was unreasonably dangerous.

20.     That before August 3, 2013, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, by and through its duly authorized agents, servants and/or employees, had actual notice that the coefficient of friction of the pool flooring was insufficient.

21.     That prior to August 3, 2013, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, had actual notice that the floor surface of the pool area constituted a slip hazard.

22.     That before August 3, 2013, Staybridge Suites employees discussed whether the flooring should be addressed because it was unreasonably slippery.

23.     That prior to August 3, 2013, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, by and through its duly authorized agents, servants and/or employees, had actual notice of other incidents where guests slipped and fell on the pool flooring as a result of the unreasonably dangerous flooring.

24.     That at that time and place, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, had a duty to provide a pool floor surface that was not unreasonably dangerous for guests using the pool.

25.     That Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, had a duty to maintain its property so that it was reasonably safe for use by hotel guests.

26.     That notwithstanding the aforementioned duty, Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana corporation, by and

through its duly authorized agents, servants, and/or employees, was guilty of one or more

of the following act and/or omissions:

- a) Failed to properly maintain the pool flooring;

- b) Did not install a pool floor with sufficient coefficient of friction;

- c) Provided a pool flooring surface that fell below minimum standards as defined by industry standards;

- e) Provided a pool flooring surface that fell below minimum standards as defined by American National Standards Institute standards;

- f) Provided a pool flooring surface that fell below minimum standards as defined by DIN standards;

- g) Provided a pool flooring surface that fell below minimum standards as defined by American Society for Testing and Materials standards;

- h) Provided a pool flooring surface that fell below minimum standards as defined by Underwriter Laboratories standards;

- i) Provided a pool flooring surface that fell below minimum standards as defined by National Floor Safety Institute standards;

- j) Provided a pool flooring surface that fell below minimum standards as defined by CMI standards;

- k) Failed to maintain the flooring so that the coefficient of friction was sufficient for use by guests in the pool area;

- l) Failed to repair the flooring so that the coefficient of friction was suitable for use by guests in the pool area;

- m) Failed to replace the flooring so that the coefficient of friction was suitable for use by guests in the pool area;

- n) Provided poor flooring that was unreasonably slippery.

27.    That as a direct and proximate result of one or more of the aforesaid

careless and negligent acts and/or omissions of the Defendant, SUN DEVELOPMENT &

MANAGEMENT CORPORATION, an Indiana corporation, the Plaintiff, NANCY

TALLYN, was caused to and did slip and fall, was injured both temporarily and

permanently, and she has expended and will continue to expend sums of money in an

effort to be cured of her injuries, and she has suffered and will continue to suffer pain and

discomfort as a result of her injuries, and she has lost and will continue to lose gains she

otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, NANCY TALLYN, demands judgment against the

Defendant, SUN DEVELOPMENT & MANAGEMENT CORPORATION, an Indiana

corporation, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00)

DOLLARS, plus the cost of this lawsuit.

By:_____s/Mario C. Palermo_____
　　　　　Mario C. Palermo

Mario C. Palermo
WOODRUFF JOHNSON & PALERMO
4234 Meridian Parkway, Suite 134
Aurora, IL 60504
(630) 585-2320